UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALYX HARLEY<br>1021 Egan Hills Drive<br>Cincinnati, Ohio 45229 | : <br> : <br> : <br> : | Case No.: _____ |
| Plaintiff | : <br> : | |
| v. | : <br> : | **COMPLAINT WITH JURY DEMAND** |
| HAMPTON INN SUITES<br>CINCINNATI UPTOWN UNIVERSITY<br>3024 Vine Street<br>Cincinnati, Ohio 45219 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| 3000 VINE, LLC<br>5710 Wooster Pike, Suite 21<br>Cincinnati, Ohio 45227 | : <br> : <br> : <br> : | |
| Defendants | : | |

Comes now Plaintiff Alyx Harley, by and through counsel, and for her Complaint states as follows:

PARTIES

1. Alyx Harley is a female African American who was employed by Defendants from May 26, 2015 through February 18, 2016 as a Sales and Event Coordinator at The Hampton Inn Suites Cincinnati Uptown.

2. Upon information and belief, 3000 Vine, LLC is the owner of the Hampton Inn Suites where Plaintiff was employed.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. 1331 because the action arises under the laws of the United States. Supplemental jurisdiction over the State law claims is

conferred by 28 U.S.C. § 1367(a). Plaintiff received a Notice of Right to Sue from the federal EEOC on July 12, 2016.

4. Pursuant to 28 U.S.C. § 1391(b), jurisdiction and venue are proper in this Court because all parties reside in Hamilton County, Ohio.

## LAWS

5. This action arises under the Ohio and Federal laws prohibiting sex discrimination, including the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, and Ohio Revised Code §§ 4112.02 and 4112.99.

6. The action also arises under the provisions of the Civil Rights Act of 1964 and 42 U.S.C. 1981 prohibiting race discrimination.

7. Additionally, the action arises under the Civil Rights Act of 1964 and 42 U.S.C. 2000, as amended, prohibiting retaliation for complaints of sex and race discrimination.

## FACTUAL ALLEGATIONS

8. Plaintiff, Alyx Harley, is an African American female and is 27 years of age.

9. Plaintiff informed her employer's General Manager (GM), Valerie Orr, that she was pregnant in September 2015. At the time Plaintiff also reported to the Assistant General Manager (AGM), Alexandria George.

10. At the beginning of 2016 Plaintiff was informed by her GM and AGM that they were resigning from their positions. Both Alexandria and Valarie told Plaintiff they had recommended she be given a $2.00 pay increase to take on some of their duties, to make the transition easier for the owners, and that she be promoted to the position of Assistant General Manager.

11. After discussions with the owners' representative, Paul Laing, about these recommendations, Alexandria and Valarie began training Plaintiff for a variety of operational duties.

12. Plaintiff's training included payroll, accounts payable/receivable, banking, night audit, scheduling, ordering office supplies, petty cash handling, and other duties.

13. Plaintiff was completely trained on the above duties, and began performing them in addition to her regular duties as Sales & Event Coordinator.

14. During the second week of January, however, Paul Laing informed Alexandria and Valarie that the owners would not allow Plaintiff to assume the Assistant General Manager's position as they had recommended, because she was then pregnant.

15. Alexandria explained that Plaintiff's pregnancy had nothing to do with her ability to perform the duties she had been trained for, and that she was not expected to go on maternity leave until the end of April for six weeks or less.

16. Instead of giving Plaintiff the $2.00 increase in pay and promoting her, Burgess Doan – an owner of the hotel – and Paul Laing asked Plaintiff's managers to train two Caucasians who had less experience, less qualifications, and no interest in the job.

17. On Plaintiff's behalf, Valarie told Mr. Laing on several occasions prior to January 29, 2016 that the company could not discriminate against Plaintiff based on her pregnancy or race.

18. Plaintiff had completed the necessary training, and her compensation should have been raised from $12.00 an hour to $14.00 an hour, starting January 25, 2016. She never received the increase, and was never promoted.

3

19. On February 15, 2016, Plaintiff's hours were reduced from 40 hours a week to 24 hours a week.

20. On February 17, 2016 Plaintiff was written up for not performing duties that she had been told by the owner not to perform.

21. On February 18, 2016 Plaintiff was terminated.

## COUNT I

22. Defendants discriminated against Plaintiff because of her sex and pregnancy when they refused to give her the recommended and deserved pay increase.

## COUNT II

23. Defendants discriminated against Plaintiff because of her race and pregnancy when they offered the Assistant General Manager position to two less qualified Caucasian employees, and did not promote Plaintiff to the position as her managers had recommended.

## COUNT III

24. Defendants retaliated against Plaintiff by reducing her hours and terminating her because of her complaints regarding discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for all lost wages and benefits, emotional distress, pain and suffering, punitive damages, costs, reasonable attorney fees, and any other relief the court deems proper.

Respectfully submitted,

*/s/ Ivan L. Tamarkin*
Ivan L. Tamarkin, Esq. (0025468)
Second National Building
830 Main Street, Suite 999
Cincinnati, Ohio 45202
513.381.6555 Telephone
513.345.4703 Facsimile
ivanlaw@fuse.net


*/s/ Stephen E. Imm*
Stephen E. Imm, Esq. (0040068)
Katz, Greenberger & Norton
Fourth & Walnut Centre
105 E. Fifth Street, Suite 400
Cincinnati, Ohio 45202
513.698.9365 Telephone
513.345-2594 Fax
sei@kgnlaw.com

Plaintiff Demands a Jury

*/s/ Ivan L. Tamarkin*
Ivan L. Tamarkin, Esq.